# Cases

# FIRST DEPARTMENT,

AT

# GENERAL TERM,

## August, 1883.

OLIVER P. C. BILLINGS, as Receiver of the MARSHALL
PACKING COMPANY, Respondent, v. ALANSON TRASK
and GEORGE C. ROBINSON, Appellants.

*Corporations organized under chapter 40, Laws of 1848 — liability of its officers under
section 14 for loaning money to a stockholder — entries in the books of the company —
competency of, as evidence against its officers — by whom the liability must be
enforced.*

Section 14 of chapter 40 of 1848 provides that "no loan of money" shall be made
by an officer of a company organized under it to any stockholder thereof, and
that if any such loan be made the officers who shall make it, or who shall
assent thereto, shall be jointly and severally liable to the extent of such loan
and interest for all the debts of the company contracted before the repayment
of the sum so loaned.

*Held,* that to create the liability imposed by the statute there must have been
"a loan of money" both in law and in fact, that is, an actual loan of money
in such a form as to create an indebtedness and an absolute liability for its
repayment by the borrower.

A company organized under the said act agreed to buy from one of its stock-
holders certain patents which it purposed to use in its business. It agreed to
pay therefor 1,000 shares of its stock, 250 shares to be preferred and the residue
common stock. Before the transaction was completed it became necessary for
the stockholder, one Marshall, to pay $5,000 to another party to perfect his
title to one of the patents. It was thereupon agreed, and the treasurer was
directed, to pay to Marshall the sum of $5,000, reserving $10,000 of the pre-
ferred stock to be transferred to him; which stock was to be delivered to him
thereafter whenever he should pay to the company the $5,000.

*Held,* that this was not a loan of money to Marshall within the meaning of the statute.

The transaction was entered on the books of the company as a loan to Marshall.

*Held,* that even if such entry was admissible to establish the liability imposed by the statute upon the officers making or assenting to the transaction (which was doubtful), it was not conclusive but was subject to explanation and rebuttal.

*It seems,* that as the liability created by the statute exists in favor of a certain class of creditors only, it can only be enforced by them and not by a receiver appointed, under article 2 of chapter 8 of part 3 of the Revised Statutes, upon the return unsatisfied of an execution issued upon a judgment recovered against the company.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought against the defendants as officers of the Marshall Packing Company, of which the plaintiff was receiver, for having participated in making a loan by said company to one W. C. Marshall, a stockholder thereof.

*L. H. Arnold, Jr.,* for the appellants.

*M. H. Cardozo,* for the respondent.

DAVIS, P. J.:

This action is brought by the plaintiff as receiver of the Marshall Packing Company, a corporation organized under chapter 40 of the Laws of 1848, and subsequent amendments thereto. The plaintiff was appointed receiver by a judgment of this court under and pursuant to the provisions of article 2 of chapter 8 of part 3 of the Revised Statutes, entitled "Proceedings against Corporations in Equity." (2 R. S., 461–466.) A judgment had been recovered against the company and execution returned *nulla bona.* Whereupon a suit was instituted under the provisions of the statutes last above referred to, on the ground of the insolvency of the company, which resulted in the appointment of the plaintiff as such receiver. By the 14th section of chapter 40 of the Laws of 1848, under which the corporation was organized, it is enacted that no loan of money shall be made by an officer of the company to any stockholder thereof, and if any such loan shall be made, the officers who shall make it or who shall assent

thereto, shall be jointly and severally liable to the extent of such loan and interest for all the debts of the company contracted before the repayment of the sum so loaned. The receiver sues the defendants, as officers of the Marshall Packing Company, for having participated in making a loan of money to W. C. Marshall, a stockholder of the company.

The liability created by the section, upon which the suit is brought, is purely a statutory one, and is in the nature of a penalty. It is clear that no right of action is given to the corporation by the statute. Nor is the liability to general creditors, for the statute declares that such officers shall be jointly and severally liable to the extent of such loan for " *all the debts of the company contracted before the repayment of the sum so loaned.*" The creditors subsequent to repayment would therefore have no interest in the liability. This statutory liability is given directly therefore to a specific class of creditors. It seems to us very doubtful whether the receiver is or can be vested with any right of action springing out of such a liability.

In *Story* v. *Furman* (25 N. Y., 214), in which case the receiver was appointed under the same statute as the present receiver, it is said that such receivership, by the terms of the statute, would be necessarily limited to the property and effects of the corporation. This clearly would not include personal liability of a stockholder for the payment of corporate debts after the corporate effects are exhausted, for such liability clearly cannot be deemed the property of the corporation. And in *Mason* v. *Silk Manufacturing Company* (27 Hun, 307), speaking of the liability of stockholders created by this act, Mr. Justice DANIELS says : " And from the manner in which these rights have been created, a receiver of the property and effects of the corporation can have no authority either to assert or enforce them. They are on the contrary, by express language, secured to the creditors, who alone can enforce them by appropriate legal proceedings taken for that purpose."

It is not easy to see upon what grounds the action in this case can be maintained by the receiver. But we are not disposed to pass upon that question more definitely, because we think the case should be disposed of upon another ground. The action is brought for the alleged making by the defendants as officers of the company of a loan of money to W. C. Marshall.

It is clear that to establish a right of action under the statute on behalf of creditors, it is necessary to show that the transaction out of which it is claimed to have arisen, was both in law and in fact "a loan of money"; and what is meant by those words is an actual loan of money in such form as to create an indebtedness to be at some time repaid, so that a liability for repayment by the borrower is created. The evidence in this case failed to establish such a transaction. It appears that Marshall was the owner, amongst other things, of various American and British patents which he proposed to sell and the company proposed to buy for the purpose of establishing its business. The terms of sale and purchase as expressed in the agreement were in substance that Marshall should sell or transfer this property to the company and receive in full payment therefor 1,000 shares of the stock of the Marshall Packing Company, of which 250 should be prefered stock and 750 common stock. A formal agreement subscribed by the parties was entered into and various assignments of patents were made by Marshall to the company. But it turned out before the consummation of the transaction by actual delivery of the property that it was necessary that Marshall, in order to secure a perfect title to one of the British patents, should pay to another party the sum of $5,000, and he therefore proposed that the company, instead of delivering to him the full amount of the preferred stock, should pay to him $5,000 in cash and retain $10,000 of the preferred stock to be delivered to him thereafter whenever he should pay the company the $5,000. Thereupon a resolution was adopted at a meeting of the board of directors in these words : " Resolved, That the treasurer be and he hereby is authorized and instructed to pay to W. C. Marshall the sum of $5,000, reserving $10,000 of the preferred stock heretofore directed to be issued to the said Marshall under agreement for the purchase of his property." Under this resolution the treasurer drew his check to Marshall for $5,000 and retained the $10,000 of preferred stock mentioned in the resolution. This transaction, as expressed in the resolution, is in no sense a loan. Marshall was under no obligation to repay the $5,000 and take the $10,000 shares of stock. He doubtless had an option or privilege to do so within some reasonable time, but an obligation to pay the money was not created. The transaction, therefore, as expressed in the minutes of

the corporation, and testified to by the witness Adams, was something altogether different from a loan. According to Adams' testimony Marshall refused to go on with the arrangement unless the board would consent to pay him the $5,000 and grant him the privilege thereafter of taking the $10,000 in stock by paying the $5,000 in money back; but neither he nor the corporation seem to have regarded it as in any sense a loan, as in point of fact it was not, under the resolution of the board or according to the testimony of Adams or of Marshall.

It appeared however in the case that in one of the books of the company containing an account of the dealings between Marshall and the company, the treasurer entered this transaction as a loan to Marshall. He himself testified, however, that it was so entered by mistake, and in substance, that it was not in fact a loan. That book was offered in evidence against these defendants. It is very doubtful whether it was admissible as evidence at all, for while it is the general rule that the books of the company containing the transactions of the corporation are admissible in evidence in respect of such transactions against officers and members of the corporation, yet it is very doubtful whether that rule can be extended to make the private accounts with the individuals dealing with the corporation, whether themselves stockholders or not, evidence of indebtedness to charge stockholders or officers with liability to penalties. This account was not one against the defendants, but against Marshall, and nothing can be more certain than that if the entry in such a case is evidence at all against third parties, yet it is by no means conclusive. There was nothing to show that either the corporation or Marshall had ever treated the transaction as a loan. He was neither charged nor did he pay, interest upon the same, nor does it appear that he was ever called upon to pay the $5,000 as a loan.

A motion was made that the court direct a verdict for defendants on the ground that no loan was established. This motion was denied and an exception taken. The motion for a new trial, made after the verdict upon the judge's minutes, was based upon the exceptions taken during the trial as well as upon the ground that the verdict was against the weight of evidence. We are of the opinion that the learned judge should have directed a verdict upon the evi

dence for the defendants, for notwithstanding the entry in the books, the documentary and oral evidence showed beyond a doubt that there was in point of fact no such loan of money as is in the contemplation of the statute.

In this view of the case the judgment and order should be. reversed, and a new trial granted, costs to abide event.

BRADY, J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Judgment reversed, new trial ordered, costs to abide event.